JOHN COLVIN, *Plaintiff in Error, v.* THE STATE OF FLORIDA, *Defendant in Error.*

CRIMINAL LAW—FRAUDULENT ALTERATION OF MARKS OF ANIMAL MAY BE INFERRED AS FACT FROM UNEXPLAINED POSSESSION OF ANIMAL WITH MARKS RECENTLY ALTERED.

In the trial of a party for the crime of fraudulently altering the marks of an animal with intent to claim the same, where the animal is found in the unexplained possession of such party with its marks recently altered from its owner's mark into the mark owned or controlled by such party, the jury may presume as a matter of fact that such party committed such alteration of the marks.

This case was decided by Division B.

Writ of error to Criminal Court of Record for Walton County.

The facts in the case are stated in the opinion of the court.

*J. W. Kehoe,* for Plaintiff in Error;

*Park Trammell,* Attorney General, for the State.

TAYLOR, J.—The plaintiff in error on an information charging him with fraudulently altering the marks of a hog, the property of another, was tried and convicted in the Criminal Court of Record for Walton County, and to review the judgment and sentence imposed comes here by writ of error. The only assignment of error presented here is that the verdict of the jury is not sustained or justified by the evidence. It was proven without dispute

that the hog of one Daughtery as alleged in the informa-
tion that was upwards of a year old was found in a pen
to itself back of the crib on the place where the defendant
lived, and when found in this pen that its ear marks had,
recently within about ten days, been changed from the
mark of Daughtery, that it formerly bore, into the mark
of Mrs. Colvin, and the hog, that was a boar formerly,
had, at about the same time, been recently castrated.    No
witness testified as to who did the alteration of these
marks, or as to who put the hog in the pen there at Mrs.
Colvin's place, where the defendant resided with her as
his wife.    And none of the witnesses saw the defendant
about the place when they went there at the repuest of
Daughtery to identify the hog as his property, and none
of them saw him about the place when Daughtery re-
moved the hog to his own place.    The proofs showed that
no other man besides the defendant resided at Mrs. Col-
vin's place, she having been a widow when he married her,
and she owned the place at which they lived together as
man and wife.    And the proofs further showed that he
had before that time sold some of his wife's hogs to raise
money with which to buy horse feed, and that she had
gotten these hogs back by returning to the purchaser the
money that he had paid the defendant for them.    The
defendant offered no evidence at the trial.

In larceny, burglary and kindred crimes from the un-
explained possession of identified goods recently stolen,
the guilt of such possessor may be inferred as a matter of
fact by the jury, and so with the crime under discussion
here, where an animal is found in the unexplained pos-
session of a party with its marks recently altered from
its owner's mark into the mark controlled by such party,
the jury may presume as a matter of fact that such party
committed such alteration of the marks.    The proofs

showed that the defendant lived alone with his wife at the place where this hog was found in a pen concealed behind his corn crib. That the hog was of such size and age, and the alterations of its marks were such that no woman, unless she was of amazonian stature and physique, could have accomplished them. It became fair then for the jury to indulge the presumption as one of fact that he committed the alterations in the marks found on the animal that had been recently done. We think the evidence justified the verdict returned by the jury, and as the trial judge approved of it also in denying the motion for new trial, we do not feel justified in disturbing their finding on the facts.

Finding no error, the judgment of the court below in said cause is hereby affirmed at the cost of Walton County, the defendant having been adjudged to be insolvent.

HOCKER and PARKHILL, J. J., concur;

WHITFIELD, C. J., and SHACKLEFORD and COCKRELL, J. J., concur in the Opinion.